**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4264**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

TAQUAN JAMES,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  Terrence W. Boyle, District Judge.  (7:16-cr-00069-BO-1)

Submitted:  January 25, 2018              Decided:  February 23, 2018

Before TRAXLER and THACKER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Acting Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  John Stuart Bruce, United States Attorney, Jennifer P. May-Parker, First Assistant United States Attorney, Phillip A. Rubin, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Taquan James pled guilty to possession of a firearm by a person previously convicted of a felony, 18 U.S.C. §§ 922(g)(1), 924 (2012), and two counts of distribution of heroin, 21 U.S.C. § 841(a)(1) (2012). The district court sentenced James to 46 months of imprisonment as to each count to be served concurrently. The court also imposed three years of supervised release on the firearm charge and ten years of supervised release as to the drug charges, to be served concurrently. James appeals, contending that the district court committed plain error when it varied upward from his three-year advisory Guidelines range with respect to his supervised release and failed to explain the reasons for his sentence. We affirm.

We review a sentence for abuse of discretion, determining whether the sentence is procedurally and substantively reasonable. *United States v. Heath*, 559 F.3d 263, 266 (4th Cir. 2009). In so doing, we first examine the sentence for "significant procedural error," including "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2012)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall v. United States*, 552 U.S. 38, 51 (2007). We then "'consider the substantive reasonableness of the sentence imposed.'" *United States v. Evans*, 526 F.3d 155, 161 (4th Cir. 2008) (quoting *Gall*, 552 U.S. at 51). In sentencing a defendant, a district court must conduct an individualized assessment of the particular facts of every sentence, whether the court imposes a sentence above, below, or within the Guidelines range. *United States v. Carter*, 564 F.3d 325, 330 (4th Cir. 2009).

Where, as here, a defendant does not request a sentence other than that imposed or outside the applicable Guidelines range, we review for plain error. *United States v. Lynn*, 592 F.3d 572, 578 (4th Cir. 2010). To demonstrate plain error, James must show that there was (1) error, (2) that was plain, and (3) that affected his substantial rights. *See United States v. Olano*, 507 U.S. 725, 731 (1993). Moreover, we will not exercise our discretion to recognize the error unless the "error seriously affects the fairness, integrity[,] or public reputation of the judicial proceedings." *Id.* at 732 (internal quotation marks omitted).

A sentencing error affects substantial rights if the defendant can show that the sentence imposed "was longer than that to which he would otherwise be subject." *United States v. Washington*, 404 F.3d 834, 843 (4th Cir. 2005) (internal quotation marks omitted); *see also United States v. Hughes*, 401 F.3d 540, 548 (4th Cir. 2005) (sentencing error affects substantial rights if sentence is longer than defendant would have received).

Although James argues that the district court failed to provide an explanation for the sentence imposed, we conclude that he has not demonstrated that the court's failure to explain the sentence resulted in a supervised release term longer than that to which he would otherwise have been subject. James therefore failed to establish plain error. *See Olano*, 507 U.S. at 731-32. Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3